IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DAMON ELLIOTT | § | |
| VS. | § | CIVIL ACTION NO. 1:20-CV-411 |
| WARDEN, FCI FAIRTON | § | |

MEMORANDUM OPINION AND ORDER
OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

Petitioner, Damon Elliott, a federal prisoner confined at FCI Fairton, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends this petition be denied as a successive § 2255 motion to vacate, set aside, or correct sentence (docket entry no. 3).

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the records, and pleadings. Petitioner filed objections to the Report and Recommendation of United States Magistrate Judge (docket entry no. 4). This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

Petitioner offers no substantive argument in his Objections, merely stating he disagrees with the Report and Recommendation of the Magistrate Judge. Regardless, as outlined by the Magistrate Judge, a petition filed pursuant to § 2241 may not be used merely as a substitute for a motion to vacate filed under § 2255. A prior unsuccessful § 2255 motion, or the inability to meet the AEDPA's "second or successive" requirement, does not make § 2255 inadequate or ineffective. *Tolliver v. Dobre*, 211 F.3d at 877. Petitioner concedes he has already filed a § 2255 motion to vacate challenging this conviction. Petitioner is barred from filing another § 2255 motion absent permission from the appropriate Court of Appeals which petitioner has not

obtained. Petitioner does not plead that § 2255 is inadequate or ineffective with respect to a claim based on a retroactively applicable decision of the United States Supreme Court which establishes that petitioner may have been convicted of a nonexistent offense and was foreclosed by established circuit law at the time when the claim should have been raised during petitioner's trial, direct appeal or initial motion to vacate filed under § 2255. *Reyes-Requence v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A Final Judgment will be entered in accordance with the recommendations of the Magistrate Judge.

**SIGNED this 19th day of November, 2020.**

Michael J. Truncale
United States District Judge